FRIEDMAN, Senior Circuit
Judge, dissenting in part.
I agree with and join part III of the court’s opinion, which affirms the district court’s reinstatement of N.A. Philips’ unfair competition claim, and part II, which declines to reach the question whether Izumi has standing to raise the antitrust issues. I disagree, however, with the court’s affirmance of the district court’s dismissal of Izumi’s antitrust counterclaim.
1. Rule 13 of the Federal Rules of Civil Procedure sets forth the standards governing counterclaims. Rule 13(a), captioned “Compulsory Counterclaims,” provides that a claim “that arises out of the transaction or occurrence that is the subject matter” of the plaintiffs claim “shall” be filed in the litigation as a counterclaim. Rule 13(b), captioned “Permissive Counterclaims,” permits the assertion in a counterclaim of “any claims against an opposing party not arising out of a transaction or occurrence that is the subject matter of the opposing party’s claim.” Failure to assert a compulsory counterclaim at the proper time bars the assertion of its claims in a subsequent suit. Martino v. McDonald’s System, Inc., 598 F.2d 1079, 1083 (7th Cir.), cert. denied, 444 U.S. 966, 100 S.Ct. 455, 62 L.Ed.2d 379 (1979); Employers Ins. of Wausau v. United States, 764 F.2d 1572, 1576 (Fed.Cir.1985). The corollary is that if the counterclaim is permissive, failure to assert its claims in the prior proceeding does not bar their assertion in the subsequent one. Rudell v. Comprehensive Accounting Corp., 802 F.2d 926, 928 (7th Cir.1986) cert. denied, 480 U.S. 907, 107 S.Ct. 1351, 94 L.Ed.2d 521 (1987).
Congress thus has provided, as the touchstone for determining whether a counterclaim is compulsory or permissive, whether the claim it asserts “arises out” of the transaction or occurrence that is the subject matter of the claim in the complaint. Unless it so arises, the failure to file a counterclaim in the first suit does not bar the litigation of the claim in the second suit.
2. The sole ground upon which the district court dismissed the counterclaim was that it was a compulsory one, which Izumi was required to assert in the Florida case, and that Izumi’s failure to do so barred it from asserting the counterclaim issues in the Illinois case. That was the question the district court certified for interlocutory review.
This court, however, does not answer that question. Instead, it affirms the district court on the alternative ground that the doctrine of judicial estoppel bars Izumi from now litigating those claims in the Illinois case because (1) the antitrust claims are the same ones that Windmere fully litigated in the Florida case, in which Izumi initially was a party, (2) Izumi could have litigated those claims there, and (3) the Illinois court twice told Izumi to do so. The court stresses that before the first trial in the Florida court, Izumi and Windmere jointly opposed severance of the antitrust and patent claims on the ground that severance “would cause a waste of judicial time and impose an undue burden on Defendants.... ”
The practical effect of the judicial-estoppel principle the court applies in affirming the district court’s dismissal of Izumi’s counterclaim is to treat the counterclaim as a compulsory one. The dismissal is upheld solely because Izumi should have litigated its counterclaim in the Florida ease. Such dismissal is the consequence that follows the determination that a counterclaim not filed in the earlier ease was compulsory.
The court reaches that result, however, without making any determination whether the counterclaim arose out of the same transaction or occurrence that was the subject of Philips’ patent infringement suit in the Florida court against Windmere and Izumi. For all practical purposes, this means that the counterclaim is treated as compulsory without making the inquiry that Rule 13 prescribes as the basis for determining that question.
*600 The court cites no case that directly supports its holding, which would allow a district court to dismiss a counterclaim because of failure to litigate it in a prior proceeding without first determining whether the counterclaim is permissive or compulsory. If Izu-mi’s counterclaim is permissive — as I think it is — Rule 13 teaches that the claimant may litigate the counterclaim despite its failure to assert or litigate the claim in a prior case in which it could have done so.
The court’s reliance on Izumi’s prior assertion that trying the antitrust counterclaim separately “would cause a waste of judicial time and impose an undue burden on Defendants in having to duplicate proof and witnesses” ignores the fact that the Seventh Circuit has treated as permissive a counterclaim that “as a linguistic matter ... might arguably have been said to come out of the same transaction” as a claim litigated in an earlier suit, Colonial Penn Life Ins. v. Hallmark Ins., 31 F.3d 445, 448 (7th Cir.1994), even though the trial of the counterclaim in the second case would likely result in duplication of witnesses, testimony, and other evidence. See also Burlington Northern Railroad Co. v. Strong, 907 F.2d 707 (7th Cir.1990); Gilldorn Sav. Ass’n v. Commerce Sav. Ass’n, 804 F.2d 390 (7th Cir.1986).
3. But even if a district court has the authority to dismiss a counterclaim in the circumstances of this case without determining whether it is permissive or compulsory, this is not an appropriate alternative ground for affirming the district court’s judgment of dismissal.
The decision whether to dismiss on the ground that the court relies on requires the exercise of discretion by the district court. That, therefore, is a decision that the district court and not this court should make in the first instance. Where a district court abstains from deciding a ease within its jurisdiction because of the pendency of a state court proceeding involving the same issue and the appellate court determines that the legal requirements for abstention have been made, the district court’s decision to abstain is reviewed under an abuse-of-discretion standard. O’Neill v. City of Philadelphia, 32 F.3d 785, 790 (3d Cir.1994) (‘“We exercise plenary review over the legal determinations of whether the requirements for abstention have been met. Once we determine that the requirements have been met, we review a district court’s decision to abstain under Younger abstention principles for abuse of discretion.’ ”); Kollsman v. Los Angeles, 737 F.2d 830, 833 (9th Cir.1984) cert. denied, 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985) (same). The same principle appears equally applicable to the ground on which the court affirms the district court’s dismissal of the counterclaim here involved.
By determining that the district court properly dismissed the counterclaim on this ground, this court has precluded the district court from exercising its discretion in deciding the question. The district court here dismissed because it concluded that the counterclaim was compulsory, which meant that it had no choice but to dismiss. It cannot be said with certainty, however, that if the district court had determined that the counterclaim was permissive, it would have exercised its discretion in favor of dismissal.
In sum, the principle that an appellate court may affirm the judgment of a district court on any ground the record supports, even though that was not the basis of the district court’s decision, cannot properly be applied where, as here, the alternative ground of affirmance involves the exercise of discretion that the district court has not undertaken.
That conclusion is underscored here because the court is reviewing an interlocutory order, which the district court certified for immediate appeal under 28 U.S.C. § 1292(b) because of its determination that its order dismissing Izumi’s counterclaim
involve questions of law as to which there are substantial grounds for differences of opinion and an immediate appeal from such Order may materially advance the ultimate termination of the present litigation. The specific issues are whether Izu-mi is barred from pursuing such counterclaims on the basis that such counterclaims were compulsory counterclaims in a previously filed action of U.S. Philips Company et al. v. Windmere Corp., et al. which could not be asserted in this action.
*601-603 That, presumably, was the question the court understood it would decide when it authorized the appeal pursuant to that section. Although a court of appeals that authorizes such an appeal is not limited to deciding the certified question, Calhoun v. Yamaha Motor Corp., 40 F.3d 622, 626 (3d Cir.1994) cert. granted in part, — U.S. -, 115 S.Ct. 1998, 131 L.Ed.2d 999 (1995), affirmance of the district court order on another ground is inappropriate unless the other ground unequivocally requires affirmance. Because of the discretionary nature of the court’s alternative-affirmance ground, this is not such a case.
4. I would, therefore, decide the certified question, hold that under Seventh Circuit law Izumi’s counterclaim is permissive, not compulsory and reverse the district court’s order insofar as it dismissed the counterclaim. Since the court does not address that issue, however, I do not discuss it.